E3247 - Y94

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

CHRISTIAN BASSETT
2071 WHITE ROAD
GROVE CITY, OH 43123,

          PLAINTIFF,
   VS.
COLUMBIA GAS OF OHIO INC
C/O CORPORATION SERVICE
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH 43215,
          DEFENDANT.

20CV-12-8239
CASE NUMBER

FILED COMMON PLEAS COURT
2020 DEC 24 AM 11:22
CLERK OF COURT

\*\*\*\* SUMMONS \*\*\*\*         12/22/20

TO THE FOLLOWING NAMED DEFENDANT:
    COLUMBIA GAS OF OHIO INC
    C/O CORPORATION SERVICE
    50 WEST BROAD STREET
    SUITE 1330
    COLUMBUS, OH 43215

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO, BY:   CHRISTIAN BASSETT
      2071 WHITE ROAD
      GROVE CITY, OH 43123,

                          PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF THE PLAINTIFF'S ATTORNEY IS:
    TRISHA M. BREEDLOVE
    THE SPITZ LAW FIRM
    SUITE 307
    1103 SCHOCK RD
    COLUMBUS, OH 43229

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY:  BROOKE ELLIOTT, DEPUTY CLERK

                                                              (CIV370-S03)

**EXHIBIT A**

# IN THE COURT OF COMMON PLEAS
# FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| CHRISTIAN BASSETT<br>2071 White Road,<br>Grove City, Ohio 43123 | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF** |
| COLUMBIA GAS OF OHIO, INC.<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330,<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| Defendant. | ) | |

Plaintiff, Christian Bassett, by and through undersigned counsel, as his Complaint against Defendant Columbia Gas, states and avers the following:

## PARTIES AND VENUE

1. Bassett is a resident of the city of Grove City, Franklin County, Ohio.

2. At all times herein, Bassett was acting in the course and scope of his employment.

3. Columbia Gas is a domestic corporation that does business at 200 S. Civic Center Drive, Columbus, Franklin County, Ohio ("Columbus Location").

4. Columbia Gas is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. All of the material events alleged in this Complaint occurred in Franklin County.

6. Personal jurisdiction is proper over Columbia Gas pursuant to R.C. § 2307.382(A)(1) and (4).

7. Venue is proper pursuant to Civ. R. 3(C)(2) and (3).

8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.



The Employee's Attorney.™

0F355 - Y84 Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Dec 22 3:23 PM-20CV008239

## FACTS

9. Bassett is a former employee of Columbia Gas.

10. Columbia Gas was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

11. At all times relevant herein, Bassett was employed by Columbia Gas for at least 12 months and had at least 1,250 hours of service with Columbia Gas and therefore was an "eligible employee" under the Family & Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

12. On or about January 28, 2008, Bassett began working for Columbia Gas.

13. Columbia Gas employed Bassett as a field service technician.

14. At all times herein, Bassett was qualified for the position of field service technician.

15. Bassett is African American.

16. As an African American, Bassett is a member of a protected class under § 4112.01 *et seq*.

17. Throughout Bassett's employment with Columbia Gas, Caucasian employees were a majority of the employees at the Columbus Location.

18. Daryl Lockhart was Bassett's supervisor.

19. Lockhart did not participate in the decision to hire Bassett.

20. Lockhart is Caucasian.

21. In or about 2016, Columbia Gas began scheduling Bassett on work routes with other African American co-workers almost exclusively.

22. Bassett's non-African American co-workers used the word "nigger" in Bassett's presence on more than twenty occasions ("N-word Use").



The Employee's Attorney.℠

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Dec 22 3:23 PM-20CV008239
0F355 - Y85

23. The N-word Use established a hostile work environment on the basis of race.

24. The N-word Use was an adverse employment action.

25. The N-word Use was an adverse action.

26. Bassett told Lockhart about the N-word Use ("Report of Discrimination").

27. Lockhart dismissed Bassett's Report of Discrimination.

28. Lockhart told Bassett that Bassett's coworkers did not like working with Bassett ("Comment About Coworkers").

29. Lockhart did not make the Comment About Coworkers to similarly-situated Caucasian employees.

30. Lockhart made the Comment About Coworkers because of Bassett's race.

31. In or about May 2017, Bassett informed Lockhart that Bassett was planning to file with the EEOC due to the race discrimination Bassett was experiencing at Columbia Gas ("EEOC Report").

32. After the EEOC Report, Bassett's treatment at Columbia Gas became worse.

33. In or about August 2017, after the EEOC Report, Bassett returned to his work vehicle and discovered that someone stole Bassett's work computer, personal phone, and personal keys ("Vehicle Break-In").

34. Lockhart did the Vehicle Break-In.

35. Bassett called the police to report the Vehicle Break-In.

36. Bassett called Lockhart to inform Lockhart of Vehicle Break-In.

37. Lockhart informed Bassett that Lockhart had been the person who took Bassett's belongings from the vehicle.

38. Lockhart said that he stole from Bassett to "teach [Bassett] a lesson."

39. Lockhart did not steal items from Bassett's similarly-situated Caucasian co-workers.



The Employee's Attorney™

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Dec 22 3:23 PM-20CV008239
0F355 - Y86

40. In addition to taking the items missing from the Vehicle Break-In, Lockhart gave Bassett a written disciplinary warning.

41. Lockhart found a blade improperly secured in the vehicle Bassett was driving ("Blade Incident").

42. Lockhart told Bassett he was not going to write Bassett up for the Blade Incident.

43. The Blade Inicident was not Bassett's fault.

44. On the day of the Blade Incident, Bassett borrowed the vehicle from a co-worker.

45. Lockhart knew Blade Incident occurred while Bassett was using a co-worker's vehicle.

46. Lockhart wrote Bassett up for the Blade Inicident.

47. Lockhart did not discipline Bassett's similarly-situated Caucasian co-workers for incidents similar to the Blade Incident.

48. Lockhart inspected Bassett's vehicle and wrote up Bassett because of Bassett's race.

49. Lockhart did not perform unannounced vehicle inspections to similarly-situated Caucasian employees.

50. Bassett has a son.

51. Bassett's son has developmental and behavioral disorders ("Son's Medical Conditions").

52. Bassett's Son's Medical Conditions are serious medical conditions within the meaning of FMLA.

53. Several times throughout the years, Bassett informed Lockhart of Son's Medical Conditions.

54. Lockhart is aware of Bassett's Son's Medical Conditions.

55. Due to his Son's Medical Conditions, Bassett is occasionally late to work ("Medical Lateness").

56. Prior to the EEOC Report, Lockhart did not discipline Bassett for Medical Lateness.

57. After the EEOC Report, Lockhart suddenly began disciplining Bassett for Medical Lateness.

58. Lockhart began disciplining Bassett more harshly for Medical Lateness than Bassett's similarly-situated Caucasian co-workers who were as late or later ("Discriminatory Discipline").



4

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Dec 22 3:23 PM-20CV008239
0F355 - Y87

59. After the EEOC Report, Lockhart began writing up Bassett for being three to five minutes late to work.

60. Bassett's similarly-situated Caucasian co-workers often arrived late to work.

61. Bassett's similarly-situated Caucasian co-workers were not written up for being late.

62. Columbia Gas assigned Bassett to a new supervisor.

63. The new supervisor was Jack Speilman.

64. Speilman is Caucasian.

65. Bassett explained Son's Medical Conditions to Speilman.

66. Speilman continued to write up Bassett for Medical Lateness.

67. As of January 28, 2009, Bassett had worked for Columbia Gas for 12 consecutive months.

68. At all times between January 28, 2009, and his termination, Bassett was eligible for FMLA leave.

69. Bassett's supervisors never advised Bassett of his right to file for FMLA leave.

70. Columbia Gas's Human Resources Department never informed Bassett of his right to file for FMLA leave.

71. Bassett did not know he had a right to file for FMLA leave.

72. In or about December 2018, one of Bassett's co-workers informed Bassett of the right to apply for FMLA leave.

73. In or about December 2018, Bassett applied for FMLA leave.

74. On or about December 28, 2018, Bassett was approved for intermittent FMLA leave.

75. On or about January 7, 2019, Columbia Gas terminated Bassett's employment.

76. Columbia Gas terminated Bassett's employment before Bassett had a chance to use any approved intermittent FMLA leave.

77. Columbia Gas has a policy against discrimination ("Discrimination Policy").

5



The Employee's Attorney.

78. Columbia Gas's Discrimination Policy precludes retaliation against employees who complain about discrimination.

79. Alternatively, retaliation against employees who complain about discrimination is permitted by Columbia Gas.

80. Columbia Gas's Discrimination Policy precludes intimidation against employees who complain about discrimination.

81. Alternatively, intimidation against employees who complain about discrimination is permitted by Columbia Gas.

82. Columbia Gas's Discrimination Policy requires employees to report what they reasonably believe is a violation of the Discrimination Policy.

83. Columbia Gas's Discrimination Policy precludes retaliation against employees who report a violation of the Discrimination Policy.

84. Alternatively, retaliation against employees who report a violation of the Discrimination Policy is permitted by Columbia Gas.

85. Columbia Gas's Discrimination Policy precludes intimidation against employees who report a violation of the Discrimination Policy.

86. Alternatively, intimidation against employees who report a violation of the Discrimination Policy is permitted by Columbia Gas.

87. N-word Use violates the Discrimination Policy.

88. The N-word Use created a hostile work environment on the basis of race.

89. Columbia Gas has a policy to investigate reports of violations of its Discrimination Policy.

90. An investigation should include interviewing the complainant.

91. An investigation should include interviewing the subject of the complaint.

The Employee's Attorney.℠ 

0F355 - Y89

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Dec 22 3:23 PM-20CV008239

92. An investigation should include interviewing the subject of the reported discrimination.

93. An investigation should include interviewing witnesses to the reported discrimination.

94. An investigation should include getting a written statement from the complainant.

95. An investigation should include getting a written statement from the subject of the complaint.

96. An investigation should include getting a written statement from the subject of the reported discrimination.

97. In response to Bassett's report of N-word Use, Columbia Gas did not interview Bassett.

98. In response to Bassett's report of N-word Use, Columbia Gas did not interview Lockhart.

99. In response to Bassett's report of N-word Use, Columbia Gas did not interview witnesses.

100. In response to Bassett's report of N-word Use, Columbia Gas did not get a written statement from Bassett.

101. In response to Bassett's report of N-word Use, Columbia Gas did not get a written statement from Lockhart.

102. In response to Bassett's report of N-word Use, Columbia Gas did not get a written statement from witnesses.

103. Columbia Gas did not investigate Bassett's report of N-word Use.

104. Bassett was subjected to the Discriminatory Discipline after reporting N-word Use.

105. Bassett's son has serious health conditions.

106. Bassett's Son's Medical Conditions are serious health conditions within the meaning of FMLA.

107. Bassett's Son's Medical Conditions are physical and/or mental impairments.

108. Bassett's Son's Medical Conditions significantly limit one or more significant life activities.

109. Bassett's son has a record of physical and/or mental impairment.



0F355 - Y90

110. Columbia Gas was aware at all times of Bassett's Son's Medical Conditions.

111. Basset's son is disabled within the meaning of R.C. § 4112.01 *et seq.*

112. In or about December 2018, Bassett requested intermittent FMLA leave due to Bassett's Son's Medical Conditions.

113. In or about December 2018, Bassett was eligible for FMLA leave.

114. On or about January 7, 2019, Columbia Gas terminated Bassett's employment ("Termination").

115. Operations Manager Mike Little informed Bassett about the Termination.

116. Little is Caucasian.

117. On or about January 7, 2019, Columbia Gas alleged that the reason for the Termination was that Bassett was late ("Termination Excuse").

118. The Termination Excuse was not the real reason for the Termination.

119. The Termination Excuse was not a sufficient basis to justify the Termination.

120. The Termination Excuse was pretextual.

121. Columbia Gas knowingly skipped progressive disciplinary steps in terminating Bassett.

122. Columbia Gas knowingly terminated Bassett's employment.

123. Columbia Gas knowingly took an adverse employment action against Bassett.

124. Columbia Gas knowingly took an adverse action against Bassett.

125. Columbia Gas intentionally skipped progressive disciplinary steps in terminating Bassett.

126. Columbia Gas intentionally terminated Bassett's employment.

127. Columbia Gas intentionally took an adverse employment action against Bassett.

128. Columbia Gas intentionally took an adverse action against Bassett.

129. Columbia Gas knew that skipping progressive disciplinary steps in terminating Bassett would cause Bassett harm, including economic harm.



130. Columbia Gas knew that terminating Bassett would cause Bassett harm, including economic harm.

131. Columbia Gas willfully skipped progressive disciplinary steps in terminating Bassett.

132. Columbia Gas willfully terminated Bassett's employment.

133. Columbia Gas willfully took an adverse employment action against Bassett.

134. Columbia Gas willfully took an adverse action against Bassett.

135. On or about January 7, 2019, Columbia Gas terminated Bassett's employment because of his race.

136. On or about January 7, 2019, Columbia Gas terminated Bassett's employment because of his association with a person with disabilities.

137. On or about January 7, 2019, Columbia Gas terminated Bassett's employment because of his opposition to discrimination.

138. On or about January 7, 2019, Columbia Gas terminated Bassett's employment in retaliation for applying for FMLA leave.

139. On or about January 7, 2019, Columbia Gas terminated Bassett's employment in order to prevent him from using FMLA leave.

140. As a direct and proximate result of Columbia Gas's conduct, Bassett suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

141. Bassett restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

142. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.



The Employee's Attorney.℠

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Dec 22 3:23 PM-20CV008239
0F355 - Y92

143. Columbia Gas is a covered employer under FMLA.

144. During his employment, Bassett qualified for FMLA leave.

145. During his employment, Columbia Gas never informed Bassett of his right to FMLA leave.

146. Columbia Gas failed to advise Bassett properly of his rights under FMLA.

147. Bassett's Son's Medical Conditions required Bassett to take intermittent leave.

148. Bassett's intermittent leave was for an FMLA-qualifying reason.

149. Columbia Gas was aware Bassett's leave was for an FMLA-qualifying reason.

150. Columbia Gas did not notify Bassett of his eligibility to take FMLA leave.

151. Columbia Gas unlawfully interfered with Bassett's exercise of his rights under FMLA in violation of Section 105 of FMLA and Section 825.220 of FMLA regulations.

152. Columbia Gas violated Section 825.300(c)(1) of FMLA and interfered with Bassett's FMLA rights when Columbia Gas did not honor Bassett's approved use of FMLA leave.

153. Columbia Gas violated Section 825.300(c)(1) of FMLA and interfered with Bassett's FMLA rights when Columbia Gas had knowledge that Bassett's leave was for an FMLA-qualifying reason and did not notify Bassett of his eligibility to take FMLA.

154. As a direct and proximate result of Columbia Gas's conduct, Bassett is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: RETALIATION IN VIOLATION OF FMLA

155. Bassett restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

156. In or about December 2018, Bassett was qualified for FMLA leave.

157. In or about December 2018, Bassett's co-worker informed him of his right to FMLA leave.



Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Dec 22 3:23 PM-20CV008239
0F355 - Y93

158. In or about December 2018, Bassett applied for FMLA leave.

159. After Bassett applied for FMLA leave, Columbia Gas retaliated against him.

160. Columbia Gas retaliated against Bassett by terminating his employment.

161. On or about January 7, 2019, Columbia Gas terminated Bassett's employment.

162. Columbia Gas terminated Bassett's employment less than one month after he requested FMLA leave.

163. Columbia Gas willfully retaliated against Bassett in violation of 29 U.S.C. § 2615(a).

164. As a direct and proximate result of Columbia Gas's wrongful conduct, Bassett is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

### COUNT III: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

165. Bassett restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

166. Throughout his employment, Bassett was fully competent to perform his essential job duties.

167. Columbia Gas treated Bassett differently than other similarly-situated employees based on his race.

168. Columbia Gas violated R.C. § 4112.02(A) *et seq.* by discriminating against Bassett due to his race.

169. On or about January 7, 2019, Columbia Gas terminated Bassett's employment without just cause.

170. While Bassett was employed at Columbia Gas, similarly-situated non-African-American employees were not terminated without just cause.

171. Columbia Gas terminated Bassett's employment based on his race.

172. Columbia Gas violated R.C. § 4112.01 *et seq.* when it terminated Bassett based on his race.



173. During his employment with Columbia Gas, Bassett was subjected to offensive and harassing conduct by Columbia Gas based on his race.

174. Columbia Gas knew or should have known of the harassing conduct against Bassett.

175. Columbia Gas condoned, tolerated, and ratified this harassing conduct.

176. This harassing conduct was severe.

177. This harassing conduct was pervasive.

178. This harassing conduct was offensive to Bassett.

179. This harassing conduct interfered with Bassett's ability to perform his job duties.

180. Columbia Gas's offensive and harassing conduct created a hostile and/or abusive work environment for Bassett.

181. Columbia Gas's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Bassett.

182. As a direct and proximate result of Columbia Gas's conduct, Bassett has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: DISABILITY DISCRIMINATION BASED ON ASSOCIATION, IN VIOLATION OF R.C. § 4112.01 *et seq.*

183. Bassett restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

184. Bassett's son has serious health conditions ("Son's Medical Conditions").

185. Bassett's son is disabled within the meaning of R.C. § 4112.01 *et seq.*

186. Columbia Gas was aware of Bassett's Son's Medical Conditions.

187. Due to Son's Medical Conditions, Bassett is occasionally late to work ("Medical Lateness").



Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Dec 22 3:23 PM-20CV008239
0F355 - Y95

188. After Bassett's EEOC Report, Columbia Gas suddenly began disciplining Bassett for Medical Lateness.

189. Columbia Gas began writing up Bassett for being three to five minutes late due to Medical Lateness.

190. Bassett's similarly-situated co-workers often arrived to work over five minutes late.

191. Bassett's similarly-situated co-workers were not written up for being late.

192. Columbia Gas began writing Bassett up for Medical Lateness because of his association with his disabled son.

193. Columbia Gas treated Bassett differently than other similarly-situated employees based on his association with his disabled son.

194. On or about January 7, 2019, Columbia Gas terminated Bassett's employment because of his association with his disabled son.

195. Columbia Gas terminated Bassett to interfere with Bassett's ability to receive future health benefits for his son under Columbia Gas' health-care plan.

196. Columbia Gas violated R.C. § 4112.02 by discriminating against Bassett because of his association with his disabled son.

197. Columbia Gas violated R.C. § 4112.02 by terminating Bassett because of his association with his disabled son.

198. As a direct and proximate result of Columbia Gas's conduct, Bassett suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.



Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Dec 22 3:23 PM-20CV008239

0F355 - Y96

## COUNT V: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981.

199. Bassett restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

200. Columbia Gas's discrimination against Bassett violated the rights afforded to Bassett under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

201. By the conduct described above, Columbia Gas intentionally deprived Bassett of the same rights as are enjoyed by Caucasian citizens to the creation, performance, enjoyment, and all benefits and privileges, of his employment relationship with Columbia Gas.

202. As a result of Columbia Gas's discrimination, Bassett has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Bassett to injunctive and equitable monetary relief.

203. Bassett has suffered severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

204. In its discriminatory actions as alleged above, Columbia Gas has acted with malice or reckless indifference to the rights of Bassett, thereby entitling Bassett to an award of punitive damages.

205. To remedy the violations of the rights of Bassett secured by 42 U.S.C. § 1981, Bassett requests that the Court award him the relief prayed for below.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Bassett respectfully requests that this Honorable Court grant the following relief:



The Employee's Attorney.℠

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Dec 22 3:23 PM-20CV008239
0F355 - Y97

(a) Issue an order requiring Columbia Gas retroactively to restore Bassett to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Columbia Gas of compensatory and monetary damages to compensate Bassett for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Columbia Gas in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Bassett's claims as allowable under law;

(e) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Bassett for harm to his professional and personal reputation and loss of career fulfillment;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Trisha Breedlove
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Christian Bassett*

The Employee's Attorney.™

15



Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Dec 22 3:23 PM-20CV008239
0F355 - Y98

## JURY DEMAND

Plaintiff Bassett demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)

